UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AYERS OIL CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:09-cv-00002-DDN |
| vs. ) | |
| ) | |
| AMERICAN BUSINESS BROKERS, INC., ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Ayers Oil Co. ("Ayers Oil"), by and through its undersigned counsel, for its First Amended Complaint against Defendant American Business Brokers, Inc. ("ABB") states as follows:

### General Allegations

1.  Plaintiff Ayers Oil Co. ("Ayers Oil") is a Missouri corporation, in good standing, with its principal place of business in Lewis County, Missouri.

2.  Defendant American Business Brokers, Inc. ("ABB") is a Florida corporation with its principal place of business located in Florida. Defendant is registered to do business in the State of Missouri.

3.  Third-Party Defendant Robert Ayers is a resident of Canton, Missouri.

4.  Third-Party Defendant Steve Ayers is a resident of Canton, Missouri.

5.  Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

23963-007/254435                        1                    

7. On or about September 12, 2006, Ayers Oil and ABB entered into a brokerage agreement whereby the parties agreed that ABB would have the ability to market and sell Ayers Oil ("Exclusive Listing Agreement"). Exhibit 1, Exclusive Listing Agreement (copy attached).

8. Paragraph 4 of the Exclusive Listing Agreement governs the commission to be received, if any, and states as follows:

> 4. <u>Sales Commission.</u> The amount of the sale commission shall be Four percent (4%). Upon procuring a ready able and willing buyer for the business for the price set forth above, or for such other price and terms as [Ayers Oil] may accept; or upon any sale, lease, exchange, merger or disposition of all or any part or portion of the business during the sole and exclusive right of sale period, regardless of whether or not [ABB] was the procuring cause of the disposition; or upon [Ayers Oil] failing or refusing to complete or consummate a sale, lease, exchange, merger or other disposition of all or any portion of the business after entering into a contract to do so while this agreement is in effect; or the business or any part or portion of it is sold, leased, exchanged, merged or otherwise disposed in 12 months after the termination date of this agreement to any person who or entity which was informed directly through the efforts of [ABB] that the business was for sale. In the event of an exchange, the sale price for the purposes of calculating the commission shall be equal the price for which the business was listed for sale. The commission shall be paid to [ABB] at closing. [ABB] shall not be authorized to bind [Ayers Oil] or to execute a sale, exchange or option contract.

*See* Exhibit 1, Exclusive Listing Agreement.

9. Pursuant to the Exclusive Listing Agreement, the parties agreed that the term of the agreement would terminate on March 6, 2007. Exhibit 1, Exclusive Listing Agreement.

10. On or about February 7, 2007, the parties entered into an Agreement For Extension whereby they agreed to extend the Exclusive Listing Agreement under the

same terms and conditions for a period of six months, ending September 12, 2007. Exhibit 2, Agreement for Extension.

11.     On or about September 5, 2007, the parties entered into a second Agreement For Extension whereby they agreed to extend the Exclusive Listing Agreement under the same terms and conditions for a period of six months, ending February 12, 2008.  Exhibit 3, Agreement for Extension.

12.     On or about August 25, 2008, Robert Ayers and Steve Ayers entered into a Purchase Agreement For Ayers Oil Company And Illinois Ayers Oil Company Common Stock ("Purchase Agreement") with Convenience Stores, LLC for the sale of their interest in the common outstanding stock of Ayers Oil and the outstanding common stock of Illinois Ayers Oil Company, Inc., Quincy, Illinois.  Exhibit 4, Purchase Agreement.

## **COUNT I – DECLARATORY JUDGMENT**

13.     Ayers Oil restates and incorporates by reference all allegations set forth in paragraphs 1 through 12 of this First Amended Complaint as if fully set forth in this Count.

14.     ABB owed a duty of reasonable skill and care in rendering advice, counsel and representation of Ayers Oil in conjunction with the Exclusive Listing Agreement, including but not limited to, finding a buyer for the business and assisting in the closing of any sale.

15.     ABB failed to exercise reasonable skill and care in rendering advice, counsel and representation of Ayers Oil in conjunction with the Exclusive Listing

Agreement and otherwise failed to perform its obligations under the Exclusive Listing Agreement, including, but not limited to, the following:

    a.    failing to obtain terms favorable to Ayers Oil in the Purchase Agreement;

    b.    failing to follow the direction and request of Ayers Oil to exclude certain assets of Ayers Oil from the Purchase Agreement;

    c.    failing to forward and disclose all required information provided by Ayers Oil to the buyer, Convenience Stores, LLC, in breach of the Purchase Agreement;

    d.    advising Ayers Oil that the payment of a year end bonus to shareholders would not affect the terms of the Purchase Agreement, all to the detriment of Ayers Oil; and

    e.    not advising Ayers Oil that the payment of a voluntary year end bonus to its employees would result in a reduction in the purchase price under the Purchase Agreement in an amount equal to five times the amount of such bonus.

16.    ABB is not entitled to a commission under the Exclusive Listing Agreement for the following reasons:

    a.    The terms of the Exclusive Listing Agreement terminated on February 12, 2008;

    b.    A sale, lease, exchange, merger or disposition of all or any part of portion of Ayers Oil did not occur during the exclusive right of sale period;

    c.    the Purchase Agreement was entered into on August 25, 2008, after the Exclusive Listing Agreement had terminated;

    d.    the business or any part or portion of it has not been sold, leased, exchanged, merged or otherwise been disposed of in the twelve months after the termination date of the Exclusive Listing Agreement;

    e.    ABB's actions and omissions were violation of its duties to Ayers Oil and in breach of its obligations under the Exclusive Listing Agreement, as more fully set forth in paragraph 12 above.

17. As a direct and proximate result of the actions and omissions of ABB as described herein, Ayers Oil suffered damage, and continue to suffer damage, including the loss of the benefit of the Purchase Agreement, together with the expenses occurred in conjunction with a Termination Agreement and Mutual Release in the amount of $250,000.00. *See* Exhibit 5, Termination Agreement and Mutual Release.

18. On or about January 16, 2009, ABB filed a Counterclaim against Ayers Oil alleging that ABB is entitled to recover a commission under the Exclusive Listing Agreement.

19. The actions/inactions taken by ABB with respect to the Exclusive Listing Agreement have created a justiciable controversy between the parties.

20. Ayers Oil has a legally protectable interest which is at stake with respect to the actions/inactions taken by ABB and the Exclusive Listing Agreement.

21. The actions/inactions taken by ABB with respect to the Exclusive Listing Agreement have presented a question which is appropriate and ripe for judicial resolution.

22. Ayers Oil has no other adequate remedy other than to seek this Court's resolution of the current controversy between the parties.

**WHEREFORE**, Plaintiff Ayers Oil Co. respectfully requests that the Court enter an Order on Count I of its First Amended Complaint declaring: (a) that the Exclusive Listing Agreement terminated on February 12, 2008; (b) that Ayers Oil Co. does not owe a commission to Defendant American Business Brokers, Inc.; and (c) awarding Plaintiff its compensatory damages sufficient to compensate it for its actual and consequential damages as may be established at trial, but not less than $250,000.00, attorneys fees, its fees and costs incurred herein, and grant such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE

23. Ayers Oil restates and incorporates by reference all allegations set forth in paragraphs 1 through 12 of this First Amended Complaint as if fully set forth in this Count.

24. ABB breached its duty and failed to exercise reasonable skill and care in rendering advice, counsel and representation of Ayers Oil in conjunction with the brokerage agreement, and otherwise failed to perform its obligations by:

    a. failing to obtain terms favorable to Ayers Oil in the Purchase Agreement;

      b.      failing to follow the direction and request of Ayers Oil to exclude certain assets from the Purchase Agreement;

      c.      failing to forward and disclose all required information provided by Ayers Oil to the buyer, Convenience Stores, LLC, in breach of the Purchase Agreement; and

      d.      advising Ayers Oil that the payment of a year end bonus to shareholders would not affect the terms of the Purchase Agreement, all to the detriment of Ayers Oil; and

      e.      not advising Ayers Oil that the payment of a voluntary year end bonus to its employees would result in a reduction in the purchase price under the Purchase Agreement in an amount equal to five times the amount of such bonus.

25.   ABB's actions and omissions, as stated herein, caused and induced Robert Ayers and Steve Ayers to breach the Purchase Agreement and caused and induced Robert Ayers and Steve Ayers to enter into a Termination Agreement and Mutual Release with Convenience Stores, LLC on December 11, 2008, whereby Convenience Stores, LLC agreed to terminate the Purchase Agreement entered into on August 25, 2008 in exchange for the payment of $250,000.00. Exhibit 5, Termination Agreement and Mutual Release.

26.   Pursuant to the Termination Agreement and Mutual Release, Robert Ayers and Steve Ayers paid Convenience Stores, LLC $250,000.00.

27.   As a direct and proximate result of the actions and omissions of ABB as described herein, Ayers Oil suffered damage, and continue to suffer damage, including the loss of the benefit of the Purchase Agreement, together with the expenses occurred in

conjunction with the Termination Agreement and Mutual Release in the amount of $250,000.00.

WHEREFORE, Plaintiff Ayers Oil Co. respectfully requests the Court to enter judgment in their favor and against American Business Brokers, Inc. on Count II of its First Amended Complaint and award compensatory damages sufficient to compensate it for its actual and consequential damages as may be established at trial, but not less than $250,000.00, attorneys fees, the costs of this action, and such other and additional relief as the Court deems just and proper.

RIEZMAN BERGER, P.C.

By: /s/ Jennifer L. Geschke
Nelson L. Mitten, 3873
Jennifer L. Geschke, #506941
7700 Bonhomme Avenue, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101
(314) 727-6458 (facsimile)
mitten@riezmanberger.com
geschke@riezmanberger.com

### CERTFICATE OF SERVICE

A copy of the foregoing pleading was filed with the United States District Court for the Eastern District of Missouri, Northern Division for service upon all counsel of record through the Electronic Filing system on the 17th day of April, 2009.

/s/ Jennifer L. Geschke