```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          NORTHERN DIVISION


AYERS OIL CO.,                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )      No. 2:09 CV 02 DDN
                                    )
 AMERICAN BUSINESS BROKERS, INC.    )
                                    )
        Defendant and               )
        Third Party Plaintiff,      )
                                    )
        v.                          )
                                    )
ROBERT AYERS and STEVE AYERS,       )
                                    )
        Third Party Defendants.     )
                                    )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of third-party defendants, Robert Ayers and Steve Ayers, to dismiss Count I of the third-party complaint (Doc. 12), filed by third-party plaintiff, American Business Brokers, Inc. (ABB). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.)

**I.   BACKGROUND**

On December 31, 2008, plaintiff, Ayers Oil Co, brought this action for a declaratory judgment in the Circuit Court of Marion County against ABB. (Doc. 1 at 1.) On January 12, 2009, ABB removed the action to this court, invoking diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). (Id.) On April 20, 2009, Ayers Oil filed an amended complaint. (Doc. 32.) In Count I of its first amended complaint, Ayers Oil seeks a declaratory judgment, declaring that the Exclusive Listing Agreement between it and ABB terminated on February 12, 2008, and that it does not owe ABB any commission. (Id. at 6.) In Count II, Ayers Oil alleges ABB was negligent in giving advice relating to the brokerage agreement and failed to perform its obligations under the agreement. (Id. at ¶ 24.)

Ayers Oil alleges it suffered $250,000 in damages as a proximate result of this negligence. (Id. at ¶ 27.)

On January 16, 2009, ABB filed a counterclaim against Ayers Oil. (Doc. 7.) In Count I of its counterclaim, ABB alleges that it had a brokerage agreement with Ayers Oil, by which it would receive a 4% commission for finding a willing buyer for Ayers Oil. (Id. at ¶ 18.) ABB alleges it found a buyer willing to purchase Ayers Oil for $19 million. (Id. at ¶ 22.) Alleging breach of the brokerage agreement, ABB alleges it has suffered $760,000 in damages. (Id. at ¶¶ 25-29.) In Count II of its counterclaim, ABB alleges an implied contract existed between the parties, and seeks to recover its $760,000 commission under a quantum meruit theory. (Id. at ¶¶ 30, 34.)

On January 16, 2009, ABB filed a third-party complaint against third-party defendants, Robert Ayers and Steve Ayers. (Doc. 8.) In Count I of its third-party complaint, ABB alleges that it is entitled to receive its $760,000 commission from Robert and Steve Ayers. (Id. at ¶ 22.) In support of Count I, ABB alleges there was a mutual agreement between the parties, and that Robert and Steve Ayers breached this agreement. (Id. at ¶¶ 24, 28.) In Count II, ABB alleges an implied contract existed between the parties, and seeks to recover its commission under a quantum meruit theory. (Id. at ¶ 30.) In Count III, ABB alleges that Robert Ayers asked ABB to sell his stock in Illinois Ayers Oil Co. to prospective buyers, according to a stock sale agreement. (Id. at ¶¶ 8, 11.) ABB alleges that it found a buyer willing to purchase Ayers's stock. (Id. at ¶¶ 13, 15.) Alleging breach of contract, ABB seeks to recover its commission under the stock sale agreement. (Id. at ¶¶ 24-25.) In Count IV, ABB alleges an implied contract existed between the parties, and seeks to recover its stock sale commission under a quantum meruit theory. (Id. at ¶ 26.)

On April 20, 2009, third-party defendants Robert and Steve Ayers filed a counterclaim against third-party plaintiff ABB. (Doc. 33.) In their counterclaim, the Ayers allege ABB was negligent in giving advice relating to the brokerage agreement and failed to perform its obligations under the agreement. (Id. at ¶ 10.) They allege they

suffered $250,000 in damages as a proximate result of ABB's negligence. (Id. at ¶ 13.)

## II. MOTION TO DISMISS

Robert Ayers and Steve Ayers move to dismiss Count I of the third-party complaint. (Doc. 12.) They argue that Count I fails to state a claim for breach of contract because they were not parties to the brokerage agreement with ABB. (Doc. 13.) In response, ABB argues that Robert and Steve Ayers were parties to a stock sale agreement for Ayers Oil, and that a broker is entitled to a commission when the sale takes the form of a transfer of corporate stock. (Doc. 23.)

## III. MOTION TO DISMISS STANDARD

The defendants move to dismiss the case for failure to state a claim upon which relief can be granted under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). In 2007 the Supreme Court issued a new standard for evaluating motions to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Despite overruling the Conley standard, the Supreme Court cautioned that it had not created a heightened pleading standard. Bell Atlantic, 550 U.S. at 569 n.14, 570.

Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Id. at 570. If the claims are merely conceivable - but not plausible - the court must dismiss the complaint. Id. To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. A complaint does not, however, need specific facts; a complaint only needs to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam). The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the allegations must still be enough to "raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

A complaint must be liberally construed in the light most favorable to the plaintiff. See id. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 569 n.14, 570.

## IV.  DISCUSSION

To recover for breach of contract, ABB must prove: (1) a valid contract existed between the parties, (2) there were mutual obligations arising under the terms of the contract, (3) Robert and Steve Ayers failed to perform their obligations under the contract, and (4) the company suffered damages as a result. White v. Pruiett, 39 S.W.3d 857, 861-62 (Mo. Ct. App. 2001). These four elements remain the same whether the contract is oral or written. See Midwest Bankcentre v. Old Republic Title Co. of St. Louis, 247 S.W.3d 116, 128 (Mo. Ct. App. 2008); id.

Only parties to a contract can be liable for its breach. 21 West, Inc. v. Meadowgreen Trails, Inc., 913 S.W.2d 858, 882 (Mo. Ct. App. 1995) ("It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract."). And under normal circumstances, corporations are considered separate legal entities, distinct from their individual officers, directors, and shareholders. Benson Optical Co. v. Floerchinger, 810 S.W.2d 531, 534 (Mo. Ct. App. 1991). As a result, these individuals are not usually responsible for the corporation's legal liabilities. Id.

The right of a broker to recover a commission depends upon the specific terms of the broker's contract. Ham v. Morris, 711 S.W.2d 187, 189 (Mo. 1986). The meaning of these terms, and compliance with the listing agreement - whether oral or written, express or implied - are questions of fact for the trial court to decide. Id. at 190. A written listing contract can be modified by a subsequent oral agreement. Dyer-

Bussey Realtors, Inc. v. Wright, 647 S.W.2d 215, 217 (Mo. Ct. App. 1983).

In its third-party complaint, ABB alleges that Robert Ayers and Steve Ayers breached their contract with the company. (Doc. 8 at ¶ 28.) ABB alleges that it entered into a brokerage agreement with Ayers Oil Co. (Id. at ¶ 8.) There is no allegation that Robert and Steve Ayers were a party to this agreement. (See id.) Indeed, the brokerage agreement specifies that it is "by and between **AMERICAN BUSINESS BROKERS, INC.** hereinafter referred to as "ABB", and **AYERS OIL CO.** hereinafter referred to as "Owner". . . . (Doc. 8, Ex. 1.) The agreement was signed on behalf of Ayers Oil Co. and American Business Brokers, Inc. (Id.)

According to the third-party complaint, this brokerage agreement was to run from September 6, 2006, to March 6, 2007. (Doc. 8 at ¶ 9.) By agreement, the parties extended the agreement until September 12, 2007, and then extended the agreement again until February 12, 2008. (Doc. 8, Ex. 2; Doc. 8, Ex. 3.) Each of these extension agreements was signed on behalf of Ayers Oil Company Incorporated and American Business Brokers, Inc. (Doc. 8, Ex. 2; Doc. 8, Ex. 3.) ABB alleges that on February 12, 2008, Robert Ayers and Steve Ayers requested that ABB continue its efforts to sell Ayers Oil to prospective buyers. (Doc. 8 at ¶ 12.)

On August 25, 2008, Robert and Steve Ayers entered into a purchase agreement to sell their stock and ownership interests in Ayers Oil Company and Illinois Ayers Oil Company to Convenience Stores, LLC. (Doc. 8, Ex. 4.) According to the purchase agreement, Robert and Steve Ayers owned 100% of the common stock of Ayers Oil, and Robert Ayers owned 51% of the common stock of Illinois Ayers Oil Co. (Id. at 16.) The purchase agreement stated that it was "by and between Robert Ayers and Steve Ayers, as individuals, (collectively as 'Seller') of Ayers Oil Company, Inc." and Convenience Stores, LLC. (Id.) (emphasis added). The purchase agreement also contained a section titled "BROKERS." (Id. at 22-23.) This section stated, in relevant part, "Seller is represented by American Business Brokers and has entered into a brokerage agreement with same. Seller will pay all commissions due

American Business Brokers at the time of Closing." (Id.)  The purchase agreement was signed on behalf of Convenience Stores, LLC, and Robert Ayers and Steve Ayers.  (Id. at 25.)

By all measures, Robert Ayers and Steve Ayers appear to have signed the purchase agreement in their individual capacities.  In turn, that agreement states that the parties to the purchase agreement were also parties to the brokerage agreement.  Taken together, ABB's claim that Robert Ayers and Steve Ayers breached the brokerage agreement in their individual capacities states a plausible claim for relief.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED THAT** the motion of third-party defendants, Robert Ayers and Steve Ayers, to dismiss Count I of the third-party complaint (Doc. 12) is denied.

/S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 18, 2009.