```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION


AYERS OIL CO.,                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    No. 2:09 CV 02 DDN
                                    )
 AMERICAN BUSINESS BROKERS, INC.    )
                                    )
        Defendant and               )
        Third Party Plaintiff,      )
                                    )
        v.                          )
                                    )
ROBERT AYERS and STEVE AYERS,       )
                                    )
        Third Party Defendants.     )
                                    )
```

### MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiff Ayers Oil Co. (Ayers) to compel defendant American Business Brokers, Inc. (ABB) to produce an email communication from ABB corporate president Terry Monroe to non-party Bill Fecht. (Doc. 60). A hearing was held on this matter on October 23, 2009.

ABB argues that this email is protected by the attorney-client privilege and the work product doctrine. Ayers argues that these privileges have been waived because the email's confidentiality was lost when it was shared with Fecht who is not a party to this suit.

The email at issue, Fecht Deposition Exhibit 4, which was provided to the court for ex parte in camera review, and which will be filed under seal, was electronically transmitted through the internet from Monroe to Fecht on April 8, 2009. This email forwarded to Fecht an email dated April 6, 2009 sent to Monroe by attorney Phil Hamilton, counsel for ABB. The forwarded email provided Hamilton's own legal assessment and opinions about information related to the instant litigation. Fecht Depo. Ex. 4.

## Attorney-client privilege

In a diversity action such as this, "the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501; Commercial Union Ins. Co. of Am. v. Talisman, Inc., 69 F.R.D. 490, 491 (E.D. Mo. 1975). Ayers and ABB both invoke Missouri law for their respective positions.

In Missouri, the General Assembly statutorily enacted the attorney-client privilege. Mo. Rev. Stat. § 491.060(3). In doing so, the legislature recognized the common law formulation of this doctrine. State ex rel. Great Am. Ins. Co. v. Smith, 574 S.W.2d 379, 382 (Mo. 1978). Generally stated,

> [t]he attorney-client privilege prohibits the discovery of confidential communications, oral or written, between an attorney and his client with reference to litigation pending or contemplated. To be privileged, the purpose of a communication between an attorney and client must be to secure legal advice.

Ratcliff v. Sprint Missouri, Inc., 261 S.W.3d 534, 546 (Mo. Ct. App. 2008)(citations and ellipsis omitted). A relationship between attorney and client must be in existence at the time of the communication, and the subject matter of the communication must fall within that relationship. Smith, 574 S.W.2d at 386. When a corporation's attorney communicates with the corporation's corporate officer or manager, for the purposes of the privilege, the corporate officer or manager serves as a client. State ex rel. Polytech, Inc. v. Voorhees, 895 S.W.2d 13, 14 (Mo. 1995).

The subject email was from ABB's attorney to ABB's president. The language of the email indicates that the attorney sent it in confidence. The email contains legal advice from the attorney to the client. Clearly, the email was initially cloaked with the attorney-client privilege. The issue before the court is whether the forwarding of it by the president of ABB to Mr. Fecht waived the privilege.

The attorney-client privilege belongs to the client, operates to the benefit of the client, and may be waived by the client. Pipes v. Sevier, 694 S.W.2d 918, 924 (Mo. Ct. App. 1985); cf., Commodity Futures

Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985)(privilege may be waived by officer of corporate client). Waiver can occur by disclosing otherwise privileged information to a third party, such as Fecht. State ex rel. Tracy v. Dandurand, 30 S.W.3d 831, 835-36 (Mo. 2000).

ABB argues that the disclosure to Fecht did not waive the privilege, because ABB and Fecht had common interests. The common interest doctrine extends the attorney-client privilege to two separate clients, who are represented by separate attorneys, who share an identical legal interest, and who agree to exchange information regarding the matter. John Morrell & Co. v. Local Union 304A of United Food and Commercial Workers, AFL-CIO, 913 F.2d 544, 555 (8th Cir. 1990); Green Edge Enters., LLC v. Rubber Mulch, LLC, No. 4:02 CV 566 TIA, 2006 WL 2623855, at *1 (E.D. Mo. Sept. 12, 2006). While a common interest in the outcome of litigation nullifies a waiver, Lipton Realty, Inc. v. St. Louis Hous. Auth., 705 S.W.2d 565, 570 (Mo. Ct. App. 1986), such a common interest must be an identical interest and a legal interest, as opposed to a merely commercial interest. Green Edge Enters., 2006 WL 2623855, at *1. A legal interest may be shared by two parties who are asserting common claims against a common adversary in the same litigation. Transmirra Prods. Corp. v. Monsanto Chem. Corp., 26 F.R.D. 572, 576-77 (S.D.N.Y. 1960).

The record of this action indicates that Fecht has a commercial arrangement with Monroe on a transaction-by-transaction basis by which commissions for commercial transactions are shared between them. (Doc. 69, Ex. A at 4; Fecht depo. at 13-16.) Fecht and Monroe agreed to divide the labor necessary to complete the brokerage of a sale, with Fecht supplying industry expertise and Monroe completing contractual and financial provisions. (Id.) Fecht would receive 40% of any brokerage commission earned by ABB. (Doc. 69, Ex. A at 4; Fecht depo. at 14.) Fecht has no official position with ABB and has never owned any interest in ABB. (Doc. 69, Ex. A at 4; Fecht depo. at 16.) However, Fecht is not asserting any common claim with ABB, is not a party to this litigation to which the email relates, and shares no common adversary. Therefore, Fecht shares no legal interest in the matter, and stands only to benefit commercially, through a resulting business commission.

Thus, ABB, through Monroe, and Fecht do not share common interests legally sufficient to extend the protection of the attorney-client privilege to their communications. Monroe voluntarily disclosed the contents of an otherwise privileged email to third party Fecht, thereby waiving the document's confidentiality and the attorney-client privilege as to it.

**Work Product Doctrine**

The work product doctrine involves legal standards different from those of the attorney-client privilege. The work product doctrine was established in Hickman v. Taylor, 329 U.S. 495 (1947). Federal law, i.e. Federal Rule of Civil Procedure 26(b)(3), informs the court on its application. Baker v. Gen. Motors Corp., 209 F.3d 1051, 1053 (8th Cir. 2000)(diversity case). The work product doctrine protects from discovery documents and tangible things that are prepared in anticipation of litigation or for trial, especially those that contain the mental impressions, conclusions, opinions, or other legal theories of a party's attorney. Fed. R. Civ. P. 26(b)(3).

The email at issue, that of ABB attorney Phil Hamilton to Terry Monroe, the president of his client ABB, comes within the work product doctrine, both in its hardcopy form and in its electronic form. It was prepared in the course of this litigation and does not relate to ABB's usual business activity. Fed. R. Civ. P. 26(b)(3); United States v. Rockwell Int'l, 897 F.2d 1255, 1265 (3d Cir. 1990). And, as set forth above, it contains the attorney's thoughts and opinions about this litigation.

The question now before the court is whether the protection afforded by the work-product doctrine was waived through the disclosure of the document by the attorney to his client, or by the client to the third party. The answer to both issues is No.

No waiver of the work-product doctrine occurred by reason of the sending of the email by the attorney to his client. An attorney must provide competent representation to clients, and shall abide by a client's decisions regarding the representation and how it is to be pursued. Missouri Rule of Prof'l Conduct R. 4-1.1, R. 4-1.2(a).

Furthermore, an attorney cannot withhold information from a client under the auspices of work-product. Spivey v. Zant, 683 F.2d 881, 885 (5th Cir. 1982). Protection stemming from the work-product doctrine was not waived when Hamilton passed the communication to Monroe.

Also, the protection of the work-product doctrine was not waived when the email was forwarded by the client to the third party. Although disclosure by a client to a third party may waive the attorney-client privilege, such disclosure "should not suffice in itself for waiver of the work product privilege." United States v. Am. Tel. and Tel. Co., 642 F.2d 1285, 1299 (D.C. Cir. 1980). While disclosure of work-product to adversaries has generally resulted in waiver of the privilege, see Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997); Leggett & Platt, Inc. v. Vutek, Inc., No. 4:05 CV 788 CDP, 2006 U.S. Dist. LEXIS 53008, at *3 (E.D. Mo. July 31, 2006), disclosure to nonadversary third parties does not carry the same result. Peralta v. Cendant Corp., 190 F.R.D. 38, 42 (D. Conn. 1999); Morales v. United States, No. 94 Civ. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997).

The work-product doctrine encourages thoughtful preparation by an attorney and looks with disfavor on opposing counsel reaping the benefits of an attorney's preparation in an adversarial system. While disclosure to an adversarial third party frustrates the goals of the work-product doctrine[1], disclosure to a nonadversary third party holds no such consequence.

The email correspondence from attorney Hamilton to Monroe, then forwarded to Fecht by Monro, is protected by the work-product doctrine, and the protections afforded the email were not waived either by disclosure to the client or to the nonadversary third party.

---

[1] A line of cases holds a disclosure of information otherwise protected under the work-product doctrine that substantially increases the likelihood that adversaries will come into possession of the information constitutes waiver of the work-product doctrine. See generally, Samuels v. Mitchell, 155 F.R.D. 195, 200 (N.D. Cal. 1994; D'Ippolito v. Cities Serv. Co., 39 F.R.D. 610, 610 (S.D.N.Y. 1965). Given the commercial relationship between Monroe and Fecht, no basis for finding it likely Fecht will not keep the email confidential has been shown.

**ORDER**

For the reasons stated above,

**IT IS HEREBY ORDERED THAT** the motion of plaintiff Ayers Oil Co. to compel defendant American Business Brokers, Inc. to produce the email communication from Terry Monroe to non-party Bill Fecht (Doc. 60) is denied.


    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on December 2, 2009.